ARTHUR GARFIELD HAYS, Appellant, *v.* AMERICAN DEFENSE SOCIETY, INC., and Others, Respondents.

First Department, December 7, 1928.

*Sidney Newborg* of counsel [*Kurzman & Frank*, attorneys], for the appellant.

*Merton E. Lewis*, for the respondents.

PROSKAUER, J. Plaintiff appeals from an order dismissing his complaint for insufficiency.

The action is for libel. The defendants published a pamphlet entitled " LaFollette-Socialism-Communism." It stated in substance that the Communists claim that the realization of socialism is the first step toward a Communist commonwealth; that the Workers Party of America was operating in sympathy with Communist organizations teaching the destruction of government, and was for that purpose advocating the election of those holding socialistic views. The pamphlet continues to emphasize the general trend of all so-called liberal movements to absolute revolutionary anarchism, to strikes, rioting, violence, sabotage, etc. The pamphlet states that " the destructive radicals launched into the political life of the country with a greater determination than ever before to effect the overthrow of the United States Government by force and violence, as demanded by the Communist leaders of Soviet Russia." It continues: " This movement, the leaders of which will have no part in any attempt at reform, but insist upon destruction, is constantly attaining greater and more menacing strength through a system of interlocking directorates whereby a comparatively small number of individuals are able to shape the policies of various organizations and quickly or gradually turn them to the advantage of the world revolutionists." The pamphlet then mentions certain groups of affiliated organizations " which clearly understand the line of march on which they are moving deliberately toward world revolution." It refers again to the system of interlocking directorates of these organizations. It announces that " the best way to discover ' useful workers ' and ' skilled leadership ' in the well-articulated associations, societies and leagues which relate themselves to revolutionaries indirectly by interest in similar activities is to observe the cross-beam directorates. (See chart of directorates.) " Annexed to the pamphlet is a chart showing that the plaintiff is a director of two of the organizations which were listed as aiding in the revolutionary scheme.

This pamphlet is fairly susceptible of the interpretation that

the plaintiff is directly engaged in an enterprise which seeks to destroy the government of the United States by force and violence. Undoubtedly the charge is not directly made, and it may be that a jury will find that no substantial damage came to the plaintiff by reason of the indirection of the charge and the circumstance that his name was joined with that of many men and women who enjoyed the unquestioned respect of their communities. While these considerations might affect a verdict, they cannot, however, be successfully urged in attack upon the sufficiency of the complaint. It is enough that the pamphlet, fairly read, can be interpreted as thus holding the plaintiff up to contempt and disgrace and indeed charging him with what might constitute criminal anarchy.

The respondents argue that the libel is not against the plaintiff individually, but against a class. We cannot so read it. The plaintiff is specifically named as one of those who are the objects of the defendants' attack.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

MERRELL and O'MALLEY, JJ., concur; DOWLING, P. J., and MARTIN, J., dissent.

MARTIN, J. (dissenting). This is an appeal from an order dismissing the complaint in an action for libel, being one of five actions brought by various plaintiffs. It has been agreed that the decision herein is to be determinative of several similar motions.

The alleged cause of action is based upon a printed document issued by the defendant, the American Defense Society, printed and copyrighted by the Beckwith Press and entitled " LaFollette-Socialism-Communism."

The pamphlet consists of about 150 printed pages, extensive quotations from which are set forth in the complaint. The subject-matter is purely political, the purpose having been to oppose the election of Mr. LaFollette for President in 1924.

It is alleged that the plaintiff is an attorney actively engaged in the practice of law in New York city. Malicious intent to injure the plaintiff is also alleged, it being set forth that the statements were known by defendants to be false or were made and published without any investigation. They are to the effect that the various plaintiffs are members of organizations affiliated with other organizations which have affiliations eventually leading to the Soviets of Russia, the Communists and the I. W. W. Of those

groups it is not charged that said plaintiffs are directors or even members. The extent to which the article appears to affect plaintiff is to state that the plaintiff is said to be a member of an organization which through interlocking directorates is affiliated with an organization which has among its members some " Reds," " near Reds " and " Pinks," and that, while many well-meaning people with good motives are members, they are being led astray by persons connected with such groups, whose purpose is to bring about a revolution and the destruction of the American government. A number of names of members is published, and the plaintiff's name is associated with those of many distinguished Americans, people respected throughout the country.

It has never been the policy of the courts to interfere with free and full discussion of political questions, but rather to permit honest criticism of political parties, followers and principles.

No one could seriously believe that these writings charge the plaintiff with a crime or wrongdoing, with being a " Red," with being active in a movement to overthrow the government, or that the pamphlet injured him in his good name or reputation.

In addition the article refers to a class and not to any individuals. In Newell on Slander and Libel (4th ed. § 337) it is stated: " Libel of class — right of action by individual. Where defamatory words reflect upon a class of persons impartially, and there is nothing to show which one is meant, no action lies at the suit of a member of the class. Yet if the descriptions in such defamatory matter are capable of being, by innuendo, shown to be directly applicable to any one individual of the class, though unnamed, or if any member of the class can prove that the words were intended to apply to him, he can recover. And the libel of a class may be the subject of criminal prosecution."

It nowhere appears that the writings complained of refer to or were intended to reflect on the plaintiff. It was on this ground that the Special Term dismissed the complaint.

The order should be affirmed, with ten dollars costs and disbursements.

Dowling. P. J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.